UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:06-CV-109 |
| v. ) | |
| ) | Mattice / Lee |
| TENNESSEE MINERALS, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

On May 3, 2006, Plaintiff, CSX Transportation, Inc., brought suit against Defendant, Tennessee Minerals, LLC, to recover an amount listed in the complaint as both $475,778.00 and $475,788.00 in unpaid freight bills pursuant to the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq*. [Doc. No. 1 at 1-2]. Currently before the Court is the motion of Plaintiff for entry of a judgment by default against Defendant pursuant to Fed. R. Civ. P. 55(b) [Doc. No. 6]. On August 23, 2006, the Clerk of Court entered default in favor of Plaintiff against Defendant pursuant to Fed. R. Civ. P 55(a) [Doc. No. 5]. On November 28, 2006, the District Court granted Plaintiff's motion for default judgment against Defendant with respect to the issue of liability, but specifically reserved ruling on the amount of damages [Doc. No. 7]. The District Court has referred the issue of damages to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 55(b)(2) to conduct a hearing, if necessary, and to prepare a report and recommendation concerning the amount of damages due to Plaintiff [*id.*].

An evidentiary hearing on the issue of damages was held on February 20, 2007.  Present at the hearing was attorney Daniel J. Ripper for Plaintiff.  Despite being given notice of the hearing,

no representative of Defendant was present at the hearing. At the conclusion of the hearing, Plaintiff's counsel was given permission to submit a supplemental affidavit with invoices supporting Plaintiff's claim it was entitled to recover $475,778.00 from Defendant.

## II. Relevant Evidence

In its motion for entry of a judgment by default, Plaintiff seeks a judgment against Defendant in the amount of $475,788.00 [Doc. No. 6 at 1]. Attached to Plaintiff's motion is the original affidavit of R. Kay Fearrington, an employee of the Plaintiff, attesting that Defendant has incurred a total of $475,778.00 in freight bills with Plaintiff and is indebted to Plaintiff for that amount [Doc. No. 6-2 at 1-2]. The Affidavit also states that Plaintiff has submitted invoices to Defendant for the aforementioned sum [*id.* at 1, ¶ 4]. These invoices were not attached to either Plaintiff's motion or Fearrington's Affidavit.

Following the February 20, 2007 hearing, Plaintiff submitted Fearrington's supplemental affidavit [Doc. No. 12]. Fearrington's supplemental affidavit states Defendant has incurred a total of $475,778.00 in freight transportation and incidental charges for the period between April 15, 2005 and January 4, 2006, which are currently due and owing to CSX [*id.* at 1, ¶¶ 3-4]. Fearrington's affidavit further states Plaintiff has submitted accurate and complete invoices to Defendant for the aforementioned freight and incidental charges, but since the time of the filing and service of the complaint in this action on Defendant, Defendant has made no payment on the invoices to Plaintiff [*id.* at 1-2, ¶¶ 5-6]. Fearrington states true and accurate copies of the invoices sent from Plaintiff to Defendant are attached to her affidavit [*id.* at 3-17]. The sum of these invoices is $475,708 [*id.*].[1]

---

[1] Fearrington's original affidavit lists $70.00 in charges for invoice numbers 13395765 and 13775269 [Doc. No. 6-2 at ]. No such invoices have been attached to any of Fearrington's affidavits.

**III.    Analysis**

In its complaint, Plaintiff requested costs and prejudgment interest from Defendant. However, in its motion for a judgment by default, Plaintiff requested a judgment be entered only in the amount of the unpaid freight and incidental charges incurred by Defendant [Doc. No. 6].

Based upon the uncontradicted evidence submitted by Plaintiff in support of its motion for a judgment by default; namely, the original and supplemental affidavits of Fearrington, I **CONCLUDE** Plaintiff has established Defendant is indebted to Plaintiff for freight transportation and incidental charges in the amount of $475,708.00 which were incurred by Defendant between April 15, 2005 and January 4, 2006.

**IV.    Conclusion**

For the reasons stated herein, it is **RECOMMENDED** Plaintiff be awarded damages in the amount of $475,708.[2]

                                                     s/*Susan K. Lee*
                                                   SUSAN K. LEE
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).